UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES MCDOWELL,

        Plaintiff,

    v.                                      Case No. 24-cv-1175-bhl

STEVEN JOHNSON,
A. SCHMIDT,
UNIT MANAGER PAWLAK, and
HSU MANAGER,

        Defendants.

## SCREENING ORDER

        Plaintiff Charles McDowell, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on McDowell's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

        McDowell has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), McDowell has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $31.95. McDowell's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

2

Case 2:24-cv-01175-BHL    Filed 12/04/24    Page 2 of 7    Document 8

## ALLEGATIONS OF THE COMPLAINT

McDowell explains that he has been incarcerated at the Milwaukee Secure Detention Facility for eighteen months without natural sunlight or proper ventilation. He states that heat comes out of the vents when it is 80 degrees or hotter outside, making it extra hot and humid. He also states that the shower walls are covered in mold. According to McDowell, he has raised his concerns to staff, but they refuse to fix the problem. He states that because of these conditions he has been "overly stressed, depressed and fallen into a state of depression" and has been seen by psychological services. He explains that his sleep is disturbed and he starts crying for no reason. Dkt. No. 1.

## THE COURT'S ANALYSIS

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendant was deliberately indifferent to that risk. *Id*. (citations omitted). "Generally speaking, challenges to conditions of confinement cannot be aggregated and considered in combination unless 'they have a mutually enforcing effect that produces the deprivation of a single, identifiable need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets.'" *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304-05 (1991)). This is because "nothing so amorphous as overall conditions can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists." *Id.* (citing *Wilson*, 501 U.S. at 305).

The Seventh Circuit has suggested (albeit in an unpublished decision) that prisoners may have a constitutional right to "sunshine and fresh air." *See Jerricks v. Schomig*, 65 F. App'x 57, 58 (7th Cir. 2003). Accordingly, McDowell's allegations that he has not enjoyed natural sunlight for nearly nineteen months may be sufficient to state a claim. But it is not clear against whom he states this claim. McDowell asserts that he "tried to resolve the issues with the warden, security director, inmate complaint examiner, unit manager, as well as health services," but he includes no factual content about his efforts, such as what he said to each Defendant or what response he received from each Defendant. The Court reminds McDowell that a defendant is liable for damages under §1983 only if he or she was personally responsible for the deprivation of a constitutional right, meaning that the deprivation occurred at the defendant's behest or with his or her knowledge and consent. *See Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019). This means that McDowell must include allegations that connect the person he is suing to the alleged misconduct. The mere fact that a person is aware of an issue does not mean he or she is responsible to fix it, as only those with the authority and opportunity to address a problem will be liable for failing to do so. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job.")

Further, McDowell's allegations that the facility lacks proper ventilation is too vague to state a claim. He alleges that hot air blows from the vents even when it is warm outside, but he does not state how often this happened, what harm—other than temporary discomfort—he suffered, or whether he had alternative ways to stay cool, such as a fan or access to water. Regulating the temperature in a large building is not always an easy task. The Court cannot reasonably infer that occasionally feeling hot is a sufficiently serious condition such that it created an excessive risk to his health and safety. The same is true for McDowell's allegations of mold

4

and mildew in the shower.  While perhaps unhygienic and distasteful, mold and mildew in showers is common both in and out of prison, and McDowell offers no specific factual allegations that would support an inference that his limited exposure to the showers poses an excessive risk to his health and safety.  As the Seventh Circuit long ago observed, "[t]he Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons.  Occasional discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994).

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint.  *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022).  Accordingly, if McDowell believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **January 3, 2025**.  If McDowell chooses to file an amended complaint, he should draft it as if he is telling a story to someone who knows nothing about his situation.  This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who he spoke to in an effort to get help; (4) how that person responded; and (5) how he was impacted by the response or lack of response.  McDowell should set forth his allegations in short and plain statements and should ensure that the amended complaint can be understood by someone who is not familiar with the facts of his case.  Conclusory statements that are not supported by specific factual allegations will not be sufficient to state a claim.

McDowell is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A.

If an amended complaint is not received, the Court will dismiss this action based on McDowell's failure to state a claim in his original complaint. If McDowell does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further.

**IT IS THEREFORE ORDERED** that McDowell's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **January 3, 2025**, McDowell may file an amended complaint if he believes he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail McDowell a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of McDowell shall collect from his institution trust account the $318.05 balance of the filing fee by collecting monthly payments from McDowell's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If McDowell is transferred to another institution, the transferring institution shall forward a copy of this Order along with McDowell's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where McDowell is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court.  The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

McDowell is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on December 4, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

7

Case 2:24-cv-01175-BHL   Filed 12/04/24   Page 7 of 7   Document 8