UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES MCDOWELL,

    Plaintiff,

v.                                                                     Case No. 24-cv-1175-bhl

STEVEN JOHNSON,
A. SCHMIDT,
UNIT MANAGER PAWLAK and
HEAD OF BOCM,

    Defendants.

---

## SCREENING ORDER

---

Plaintiff Charles McDowell, who is currently serving a state prison sentence at the Milwaukee Secure Detention Facility and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On December 4, 2024, the Court screened the complaint and, after concluding it failed to state a claim, gave McDowell the opportunity to file an amended complaint, which he did on January 6, 2025. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As already explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal

Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

McDowell explains that he has been incarcerated at the Milwaukee Secure Detention Facility (MSDF) since February 24, 2023. He states that during his nearly two years of incarceration, he has had no access to sunlight or fresh air. In supporting documents that McDowell incorporates by reference, he explains that the lack of sunshine and fresh air has left him feeling unwell, stressed, and depressed. *See* Dkt. No. 11-1 at 7, 9.

According to McDowell, he wrote to the Bureau of Offender Classification and Movement (BOCM) to ask when he would be transferred to a prison that offers outdoor recreation. He was informed that, while he will not be at MSDF permanently, it takes on average about 18 to 24 months after classification to be transferred to a different prison because of "statewide bed space concerns." Dkt. No. 11-1 at 1. McDowell also alleges that the warden has taken no steps to ensure the inmates in his care receive adequate sunshine and fresh air. Finally, McDowell alleges that institution complaint examiner A. Schmidt did everything in her power to stop him from exhausting this issue in order to prevent him from pursuing this lawsuit.

## THE COURT'S ANALYSIS

"The Eighth Amendment prohibits the States from subjecting prisoners to conditions of confinement amounting to cruel and unusual punishment." *Giles v. Godinez*, 914 F.3d 1040, 1051

2

(7th Cir. 2019) (citations omitted). To state a claim, a plaintiff must allege that "the conditions are sufficiently serious—*i.e.*, that they deny the inmate the minimal civilized measures of life's necessities, creating an excessive risk to the inmate's health and safety," and that the defendant was deliberately indifferent to that risk. *Id*. (citations omitted). The Seventh Circuit has suggested, albeit in an unpublished decision, that prisoners may have a constitutional right to "sunshine and fresh air." *See Jerricks v. Schomig*, 65 F. App'x 57, 58 (7th Cir. 2003). Accordingly, McDowell's allegations that he has suffered physical and psychological harm as a result of not being exposed to sunshine or fresh air for nearly two years is sufficient, at least at this early stage, to state a claim against the unnamed BOCM representative who McDowell alleges has the authority to arrange his transfer and against Warden Steven Johnson who McDowell alleges has the responsibility for ensuring that the housing conditions at MSDF are constitutionally adequate. After Warden Johnson responds to the amended complaint and the Court enters a scheduling order, McDowell may use discovery to learn the name of the BOCM representative who has the authority to order his transfer.

McDowell does not, however, state a claim against Unit Manager Pawlak. Although he includes the unit manager in the section of his amended complaint in which he identifies the parties, he includes no factual allegations about what the unit manager did or did not do to violate his rights. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (holding that §1983 requires that an individual be personally involved in the alleged constitutional violation). McDowell also does not state a claim against Schmidt based on allegations that she made it difficult for him to exhaust the administrative remedies. "[P]risoners do not have a standalone constitutional right to an effective grievance procedure, [so] the alleged mishandling of his grievances was not itself a constitutional violation." *Walker v. Rowald*, No. 23-1398, 2023 WL

3

6818157, at *1 (7th Cir. Oct. 17, 2023) (citing *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008)).

**IT IS THEREFORE ORDERED** that McDowell fails to state a claim against A. Schmidt and Unit Manager Pawlak, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of McDowell's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Steven Johnson.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Steven Johnson shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on January 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge