IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

CHARLES MCDOWELL,

    Plaintiff,

v.                                               Case No. 2024CV01175

STEVEN JOHNSON, et al.,

    Defendants.

## DEFENDANT'S BRIEF IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Charles McDowell, an inmate currently housed at Racine Correctional Institution, (*see* Dkt. 19), is proceeding on an Eighth Amendment claim against Defendant Steven Johnson for allegations that, during his confinement at the Milwaukee Secure Detention Facility (MSDF), he suffered physical and psychological harm as a result of not being exposed to sunshine or fresh air for nearly two years. (Dkt. 12:2–3.) Plaintiff failed to properly exhaust administrative remedies for his claim in this case, because he did not appeal the Reviewing Authority's decision on the only inmate complaint that he submitted related to this lawsuit. Therefore, Defendant is entitled to summary judgment on exhaustion grounds.

### STATEMENT OF THE CASE

**PARTIES**

Plaintiff Charles McDowell was an inmate in the custody of the Wisconsin Department of Corrections (DOC) and was housed at MSDF. (DPFOF ¶ 1.) Defendant

Steven Johnson is employed by DOC at MSDF as the Warden (hereinafter "Warden Johnson"). (DPFOF ¶ 2.) McDowell was allowed to proceed on an Eighth Amendment conditions-of-confinement claim. (Dkt. 12:2–3.) Specifically, McDowell alleges that since his incarceration at MSDF on February 24, 2023, he had not had access to sunlight or fresh air, and that his Eighth Amendment rights had been violated for 21 months. (Dkt. 11:3–4.) McDowell claims that this alleged constitutional violation is ultimately Warden Johnson's responsibility, because MSDF's inmates are persons in his care. (Dkt. 11:4.)

## MCDOWELL'S INMATE COMPLAINT

Corrections Complaint Examiner (CCE) Emily Davidson identified one inmate complaint that is potentially related to the claim in this case: MSDF-2023-18941. (DPFOF ¶ 8.) This complaint was received by the Institution Complaint Examiner (ICE) on December 20, 2023. (*Id.*) There, McDowell alleged that he was "not being able to breathe fresh air" and requested to be transferred to a medium-security institution. (DPFOF ¶ 9.)

The ICE recommended that inmate complaint MSDF-2023-18941 be dismissed, as MSDF was not in violation of the Wisconsin Administrative Code. (DPFOF ¶ 10.) Specifically, the ICE found that,

> The rooms at the institution comply with the administrative code in that each room must have a clean mattress, sufficient light to read by at least 12 hours per day, sanitary toilet, sink, adequate ventilation and heating. The cells are equipped with an air exchange system that is continuously circulating the air.

(DPFOF ¶ 11.) On January 16, 2024, the Reviewing Authority, Warden Johnson, upheld the ICE's recommendation and dismissed McDowell's inmate complaint.

(DPFOF ¶ 12.) McDowell never appealed this decision, and CCE Davidson found no other inmate complaints filed by McDowell related to the claim against Warden Johnson in this lawsuit. (DPFOF ¶¶ 13–14; *see* Ex. 1001 at 5.)

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is an "integral part of the Federal rules," and its purpose "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 327 (1986). A court's decision to grant summary judgment is not discretionary—when "a moving party shows that the opposing party lacks evidence to support each element of a claim, summary judgment must be granted in favor of the movant." *Baron v. Frederickson*, 419 F. Supp. 2d 1056, 1063 (W.D. Wis. 2006) (citation omitted).

By its very terms, the summary judgment standard "provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A material fact is one that, under the applicable substantive law, might affect the outcome of the suit. *Anderson*, 477 U.S. at 248. The materiality determination rests on the substantive law because it identifies which facts are critical and which facts are irrelevant. *Id*. A dispute over a material fact is genuine

3

Case 2:24-cv-01175-BHL    Filed 05/27/25    Page 3 of 8    Document 22

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"The party moving for summary judgment has the initial burden of demonstrating there is no genuine dispute of material fact: it may discharge this responsibility by showing that there is an absence of evidence to support the nonmoving party's case." *Bunn v. Fed. Deposit Ins. Corp.*, 908 F.3d 290, 295 (7th Cir. 2018) (citations and internal quotation marks omitted). Once the movant satisfies his initial responsibility, the burden then shifts to the nonmovant, who must "come forward with specific facts demonstrating that there is a genuine issue for trial." *Id.* (citation omitted); *see also Celotex Corp.*, 477 U.S. at 324 ("[R]ule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'"). A nonmovant is "entitled to all reasonable inferences in his favor, but 'inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion.'" *Lavite v. Dunstan*, 932 F.3d 1020, 1029 (7th Cir. 2019) (citation omitted).

## ARGUMENT

**Warden Johnson is entitled to summary judgment because McDowell did not exhaust his administrative remedies.**

**A. The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust his administrative remedies before filing a lawsuit.**

The PLRA "mandates that an inmate exhaust 'such remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 578 U.S. 632, 635

4

Case 2:24-cv-01175-BHL    Filed 05/27/25    Page 4 of 8    Document 22

(2016) (citation omitted). Specifically, it provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA speaks in "unambiguous" and "mandatory" terms—"An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." *Ross,* 578 U.S. at 638. As to reach, the PLRA "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This means an inmate must properly pursue "each step within the administrative process." *Id.* at 1024. The steps an inmate must follow are established by state law. *See Lanaghan v. Koch*, 902 F.3d 683, 687 (7th Cir. 2018) ("State law establishes the administrative remedies that a state prisoner must exhaust for purposes of the PLRA"). And they are "interpreted strictly," meaning "a 'prisoner must comply with the specific procedures and deadlines established by the prison's policy.'" *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (citation omitted). This means the PLRA requirement is not satisfied by the filing of an untimely or otherwise procedurally defective administrative grievance. *Woodford v. Ngo*, 548 U.S. 81, 83 (2006).

5

"Failure to exhaust 'is an affirmative defense, and the burden of proof is on the defendant[ ].'" *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (citation omitted). Accordingly, the defendant must show the inmate's failure to exhaust. *Williams v. Ortiz*, 937 F.3d 936, 941 (7th Cir. 2019) (citation omitted). If the defendant meets this burden, a district court must dismiss the case. *See Ross,* 578 U.S. at 1857 ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion").

### B. To exhaust administrative remedies in Wisconsin, an inmate must comply with Wis. Admin. Code DOC ch. 310.

Wisconsin's administrative procedures for inmate complaints are outlined in Wis. Admin. Code DOC ch. 310 (2018) (the Code). The Code makes clear its objective: "to afford inmates in institutions a process by which grievances may be expeditiously raised, investigated, and decided." Wis. Admin. Code DOC § 310.01(1); *see Lockett*, 937 F.3d at 1027 ("[T]he primary purpose of the exhaustion doctrine: it alerts the prison officials to the existence of the problem and affords an opportunity to repair the injury"). To achieve that purpose, the Code created the "inmate complaint review system." Wis. Admin. Code DOC § 310.04(1). Under the review system, an inmate must "attempt to resolve [an] issue by following the designated process specific to the subject of the complaint" before filing a formal complaint. Wis. Admin. Code DOC § 310.07(1). If no resolution can be reached, an inmate must then "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code DOC § 310.07(2). Once an inmate files a complaint, the ICE collects and date-stamps all complaints with the date collected. Wis. Admin. Code DOC § 310.10(1).

The ICE may return, reject, or accept and investigate an inmate complaint. *See* Wis. Admin. Code DOC § 310.10(2). When a complaint is accepted, the ICE must "send a recommendation to the appropriate reviewing authority within 30 days from the date of receipt." Wis. Admin. Code DOC § 310.10(9). The ICE may recommend to the reviewing authority that a complaint be "affirmed or dismissed in whole or in part." Wis. Admin. Code DOC § 310.10(12). Then, if the reviewing authority dismisses the complaint, the inmate may appeal to the corrections complaint examiner "within 14 days after the date of the decision." Wis. Admin. Code DOC § 310.12(1).

### C. McDowell failed to exhaust his administrative remedies against Warden Johnson for the claim in this case.

McDowell failed to exhaust his administrative remedies for the claim in this case, because he never appealed the Reviewing Authority's dismissal of inmate complaint MSDF-2023-18941. (*See supra* pages 2–3.) "[A] case filed before exhaustion has been accomplished must be dismissed." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 537 (7th Cir. 1999). In *Burrell v. Powers*, the Seventh Circuit Court explicitly stated that an inmate's "failure to take a timely administrative appeal within the state system means that he has failed to exhaust his state remedies . . . ." 431 F.3d 282, 285 (7th Cir. 2005).

Here, the ICE recommended a dismissal on McDowell's only inmate complaint pertaining to the claim in this case. (*See* DPFOF ¶¶ 8, 10.) Then, on January 16, 2024, the Reviewing Authority upheld the ICE's recommendation and made a decision to dismiss the complaint. (DPFOF ¶ 12.) Records of this inmate complaint shows that,

as of February 6, 2025, McDowell filed no appeal on the Reviewing Authority's dismissal. (*See* Ex. 1001 at 5.)

Because McDowell failed to appeal to the CCE within 14 days of the Reviewing Authority's decision, he failed to exhaust the administrative remedies, and this lawsuit must be dismissed. *See* Wis. Admin. Code DOC § 310.12(1).

## CONCLUSION

Based upon the foregoing, Defendant Warden Johnson respectfully requests the Court to grant his motion for summary judgment on exhaustion grounds.

Dated: May 27, 2025.

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

s/ Emmeline Lee
EMMELINE LEE
Assistant Attorney General
State Bar #1097677

BRANDON T. FLUGAUR
Assistant Attorney General
State Bar #1074305

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1178 (Lee)
(608) 266-1780 (Flugaur)
(608) 294-2907 (Fax)
Emmeline.Lee@wisdoj.gov
Brandon.Flugaur@wisdoj.gov