UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES MCDOWELL,

                Plaintiff,

v.                                                                  Case No. 24-cv-1175-bhl

STEVEN JOHNSON,

                Defendant.

---

## DECISION AND ORDER

---

Plaintiff Charles McDowell, who is incarcerated at the Racine Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. McDowell is proceeding on an Eighth Amendment claim based on allegations that, for nearly two years, Defendant Warden Steven Johnson failed to ensure McDowell had access to sunlight and fresh air. Dkt. No. 12. On May 27, 2025, Defendant filed a motion for summary judgment on the ground that McDowell failed to exhaust the available administrative remedies before he filed this lawsuit. Dkt. No. 23. For the reasons explained below, the Court will grant Defendant's motion and dismiss this case without prejudice.

## PRELIMINARY MATTERS

Pursuant to the local rules, along with a motion for summary judgment, the moving party is required to file a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L. R. 56(b)(1). Defendant submitted proposed findings of fact in support of his summary judgment motion in compliance with the local rules. *See* Dkt. No. 23. The rules also require a party opposing a summary judgment motion to file a response to the moving party's proposed facts to make clear to the Court which, if any, of the proposed facts are in dispute. The opposing party must respond

to each paragraph. Civil L. R. 56(b)(2)(B). Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L. R. 56(b)(4).

Defendant, as required by the local rules, included Fed. R. Civ. P. 56, Civil L. R. 7, and Civil L. R. 56 along with his motion for summary judgment. *See* Dkt. No. 21. Moreover, shortly after Defendant moved for summary judgment, the Court entered a notice and order informing McDowell that he is required to "respond to each of the proposed findings of fact by agreeing with each fact or explaining why he disagrees with a particular proposed fact." The Court warned McDowell that if he did not respond to a proposed fact, the Court would "assume that he does not dispute the proposed fact" and would "accept the proposed fact as true, regardless of contrary statements in a declaration." Dkt. No. 26 at 2.

On August 18, 2025, McDowell filed a brief in opposition to Defendant's motion for summary judgment, but he did not respond to Defendant's proposed facts, nor did he declare under 28 U.S.C. §1746(2) that the statements in his brief were true and correct and made under the penalty of perjury. Accordingly, as McDowell was warned, Defendant's proposed facts are deemed admitted for the purpose of deciding summary judgment. *See Phoneprasith v. Greff*, No. 21-3069, 2022 WL 1819043 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L. R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same). With these considerations in mind, the Court turns to the substance of Defendant's summary judgment motion.

**BACKGROUND**

At the relevant time, McDowell was incarcerated at the Milwaukee Secure Detention Facility (MSDF), where Johnson served as the Warden. On December 20, 2023, McDowell submitted an inmate complaint wherein he stated that he was "not being able to breathe fresh air."

2

The institution complaint examiner recommended that the inmate complaint be dismissed, and the reviewing authority accepted the recommendation and dismissed the inmate complaint on January 16, 2024. Per Wis. Admin. Code DOC §310.12(1), an inmate may appeal a dismissal to the corrections complaint examiner within 14 days after the date of the decision. McDowell did not appeal the dismissal. Dkt. No. 23 at ¶¶8-13.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because McDowell was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C.

3

§1997e(a). The Seventh Circuit applies a "strict compliance approach to exhaustion," *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), and expects inmates to adhere to "the specific procedures and deadlines established by the prison's policy," *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Wisconsin has established the Inmate Complaint Review System to allow inmates to file complaints about policies, rules, living conditions, and staff actions at their institutions. Wis. Admin. Code DOC §310.06. Under §310.07, if an inmate is unable to informally resolve his issue, he may file an inmate complaint with the institution complaint examiner within fourteen days of the incident. §310.07(2). To complete the exhaustion process, an inmate must appeal the decision to the corrections complaint examiner within fourteen days of the decision. §310.12(1).

Defendants are entitled to summary judgment on McDowell's claim against Warden Johnson because McDowell did not appeal the dismissal of his inmate complaint. Because McDowell did not complete every step in the exhaustion process, he did not exhaust the administrative remedies and this action must be dismissed.

McDowell vaguely argues that the administrative remedies were unavailable to him because the institution complaint examiner routinely rejected his inmate complaints. McDowell points to two return letters that gave him the opportunity to resubmit an inmate complaint as evidence that the administrative remedies were unavailable to him. *See* Dkt. No. 33-1. McDowell's argument is unavailing for three reasons. First, McDowell does not argue that the *corrections* complaint examiner (as opposed to the institution complaint examiner) refused to accept appeals, and he offers no explanation as to why he was unable to appeal the dismissed inmate complaint. Second, McDowell does not include copies of the inmate complaints that were returned to him by the institution complaint examiner, so the Court cannot conclude that those inmate complaints were relevant to the issues in this case. And third, even assuming the returned

inmate complaints were about the issues in this case, per the letters, he submitted the inmate complaints on September 24, 2024 and October 8, 2024, *after* he filed this lawsuit on September 16, 2024. *See Ross v. Blake*, 578 U.S. 632, 635 (2016) (holding that the Prison Litigation Reform Act "mandates that an inmate exhaust such remedies as are available **before** bringing suit to challenge prison conditions") (emphasis added). In short, Defendant has shown that McDowell failed to exhaust the available administrative remedies before he filed this lawsuit, so Defendant is entitled to summary judgment.

Finally, on May 29, 2025, McDowell filed a motion for reconsideration of the Court's decision to dismiss a Doe Defendant who McDowell failed to identify by the deadline. Dkt. No. 27. The claim against the Doe Defendant is identical to the claim against Warden Johnson. Given that McDowell did not exhaust the administrative remedies on this claim before he filed his lawsuit, it would be futile to give him more time to identify the Doe Defendant because the claim against the Doe would also be dismissed for failure to exhaust. Accordingly, the Court will deny his motion.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 21) is **GRANTED** and this case is **DISMISSED** without prejudice. The Clerk of Court is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that McDowell's motion for an extension of time (Dkt. No. 27) is **DENIED**.

Dated at Milwaukee, Wisconsin on September 2, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.